By the Court.
The court are of opinion, that the defendants, one a member of the general school committee, and the others acting under his authority and direction, were not trespassers. The statute of 1846, c. 223, § 1,' confers upon the school committee, upon whom may have devolved the duty of electing and contracting with a teacher of a district school, the right to elect and contract for and during the entire winter term of the school, although the same should extend beyond the period of the annual election of a new committee.
Assuming that the prudential committee of three, chosen by the district on the 14th of March, 1848, were duly elected, (upon which we express no opinion,) and that by the vote of the town, of March 6th, 1848, they acquired the authority to elect and contract with teachers for the district, yet this would not authorize the prudential committee of three to interfere in the matter of teachers of the school during the winter term, already legally engaged.
The school committee of the town elected in 1847 having the entire authority in reference to the teachers until the expiration of the winter term, the prudential committee chosen in March, 1848, had no right to interfere in the matter, and close the school-house as against a teacher thus employed by the school committee elected in 1847.
Under the large and general powers of superintendence and visitation, conferred by law upon the general school committee, they had a right and legal authority to enter the schoolhouse, and reinstate a teacher, who had been legally engaged, and was actually keeping the school under lawful authority, but who had been unlawfully excluded by persons not dulj authorized. Judgment for the defendants.